# EXHIBIT A

Cause No. C2015-1125A
*James Orley Miller, Jr. v. Transport Depot Produce and Dry, Inc.,*
*Julio A. Galvez, and Lazaro Rodriguez*
22nd Judicial District, Comal County Texas

## INDEX OF STATE COURT FILING DOCUMENTS

1.   07/27/2015   Plaintiff's Original Petition, Rule 193.7 Notice and Request for Disclosures

2.   07/28/2015   Letter for Service

3.   07/30/2015   Civil Case Information Sheet

4.   07/31/2015   Citation Issued as to Defendant Julio A. Galvez

5.   07/31/2015   Citation Issued as to Defendant Lazaro Rodriguez

6.   07/31/2015   Citation Issued as to Defendant Transport Depot Produce and Dry, Inc.

7.   09/03/2015   Notice of Deposition by Written Questions to Sanjel Oil Company

8.   09/14/2015   Defendants, Transport Depot Produce and Dry, Inc., Julio A. Galvez, and Lazaro Rodriguez's Original Answer

**JAMES ORLEY MILLER, Jr. vs. Transport Depot Produce and Dry Inc.,LAZARO RODRIGUEZ,JULIO A GALVEZ**
Type  Injury or Damage - Motor Vehicle

Events                                                          Previous    Next

| Date | Type and Comment |
|------|------------------|
| 07/27/2015 | ORIGINAL PETITION (OCA)  Petition |
| 07/28/2015 | LETTER  FOR SERVICE |
| 07/30/2015 | CIVIL CASE INFORMATION SHEET |
| 07/31/2015 | SERVICE  CITATION ISSUED - JULIO GALVEZ |
| 07/31/2015 | SERVICE  CITATION ISSUED - LAZARO RODRIGUEZ |
| 07/31/2015 | SERVICE  CITATION ISSUED - TRANSPORT DEPOT PRODUCE AND DRY INC. |
| 09/03/2015 | NOTICE  70618- Deposition by Written Questions to Sanjel Oil Company |

FILED   Sherry Bowles
C2015-1125A
7/27/2015 11:40:43 AM
Heather N. Kellar
Comal County
District Clerk

CAUSE NO: *C 2015-1125A*

| | | |
|---|---|---|
| JAMES ORLEY MILLER, JR. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | |
| | § | *22nd* JUDICIAL DISTRICT |
| TRANSPORT DEPOT PRODUCE | § | |
| AND DRY, INC., JULIO A. GALVEZ | § | |
| AND LAZARO RODRIGUEZ. | § | |
| · | § | |
| · | § | |
| | § | |
| *Defendants* | § | COMAL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE
## AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, James Orley Miller, Jr., hereinafter referred to by name or as Plaintiff, and complains of Defendant Transport Depot Produce and Dry Inc., Julio A. Galvez, and Lazaro Rodriguez, hereinafter referred to by name or as Defendant(s), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### THE PARTIES

2.      Plaintiff, James Miller, is an individual residing in Comal County, Texas.

3.      Defendant Transport Depot Produce and Dry Inc. (hereinafter referred to as Transport) is a Domestic for profit Corporation, with its principal office at 8040 NW 155th Street,

14-011441 POP Page 1

Suite 201, Miami Lakes, Florida 33016.  It can be served with process by serving its registered agent,

Julio Galvez, at 8040 NW 155th Street, Suite 201, Miami Lakes, Florida 33016.

    4.      Defendant Lazaro Rodriguez (hereinafter referred to as Rodriguez) is an individual

residing in Dade County, Florida and may be served with process at his residence address, 5133 SW

149th Pl, Miami, Florida 33185.

    5.      Defendant Julio A. Galvez (hereinafter referred to as Galvez) is an individual

residing in Dade County, Florida and may be served with process at his residence address, 13490 SW

40th Lane, Miami, Florida 33175, or alternatively at his business address, 8040 NW 155th Street,

Suite 201, Miami Lakes, Florida 33016.

## III.
## JURISDICTION AND VENUE

    6.      The subject matter in controversy is within the jurisdictional limits of this court.  This

court has jurisdiction over the parties because Defendants conduct business in the State of Texas.

    7.      Venue in Comal County is proper in this cause under Section 15.002(a) (1) of the

Texas Civil Practice and Remedies Code because Defendants conduct business in Comal County and

because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in

Comal County, Texas.

## IV.
## FACTS

    8.      On September 12, 2014, Plaintiff, James Miller was lawfully operating a 2007 Pontiac

Solstice. At the same time, the Defendant Lazaro Rodriguez was operating a 2005 Freightliner 18

wheeler, tractor trailer rig owned and maintained by Defendant Transport. Mr. Miller was legally

traveling southeast in the 100 block of Conrad's Lane. The Defendant Rodriguez was preparing to exit from a private drive owned by TA Petro Shopping Centers, TA New Braunfels, onto Conrad's Lane in a southeasterly direction. Defendant Rodriguez failed to yield the right of way to Mr. Miller's oncoming car and pulled directly from the private drive into the path of Mr. Miller's oncoming car.  Mr. Miller's automobile collided with the cab of the 2005 Freightliner.

9.       Plaintiffs would show unto the Court that Defendant Lazaro Rodriguez was acting in the course and scope of his employment for Defendants Transport and Galvez at the time of the occurrence. Pleading alternatively, Plaintiffs would show that Defendants Transport and Galvez negligently entrusted the subject 2003 Freightliner 18 wheeler to the Defendant Lazaro Rodriguez.

10.       This collision between Defendant's and Plaintiff's vehicle caused Plaintiffs to sustain injuries to their respective bodies, as more fully set forth below.

### V.
### PLAINTIFF'S CLAIMS OF NEGLIGENCE, NEGLIGENT ENTRUSTMENT, AND GROSS NEGLIGENCE AGAINST DEFENDANTS TRANSPORT DEPOT PRODUCE AND DRY INC. AND JULIO A. GALVEZ

11.       Plaintiffs hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

12.       Defendant Lazaro Rodriguez, as agent and employee of Defendants Transport and Galvez had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13.       Plaintiff's injuries were proximately caused by Defendant Lazaro Rodriguez's negligent, careless and reckless disregard of said duty while in the course and scope of his employment for Defendants Transport and Galvez.

14.       At the time of the occurrence in question and immediately prior thereto, Lazaro Rodriguez was within the course and scope of his employment with Defendants Transport and

14-011441 POP Page 3

Galvez.

15.    At the time of the occurrence in question and immediately prior thereto, Lazaro Rodriguez was engaged in the furtherance of Defendants Transport and Galvez's business.

16.    At the time of the occurrence in question and immediately prior thereto, Lazaro Rodriguez was engaged in accomplishing a task for which he was employed by Defendants Transport and Galvez.

17.    Plaintiff invokes the doctrine of Respondeat Superior against Defendants Transport and Galvez.

18.    Defendant Transport is also negligent in one or more of the following respects:

    a.    Negligent hiring of Lazaro Rodriguez;

    b.    Negligent training of Lazaro Rodriguez;

    c.    Negligent supervision and monitoring of Lazaro Rodriguez;

    d.    Negligent retention of Lazaro Rodriguez;

    e.    Negligent entrustment of Defendants Transport and Galvez's truck to Lazaro Rodriguez.

    f.    Defendants Transport and Galvez failed to properly maintain the vehicle involved in the incident;

    g.    Defendants Transport and Galvez failed to adequately inspect the vehicle for the prevention of collisions by their employees;

    h.    Defendants Transport and Galvez failed to implement adequate safety programs for the prevention of collisions by their employees in violation of motor carrier fleet industry standards;

    i.    Defendants Transport and Galvez failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

    j.    Defendants Transport and Galvez placed a driver on the road knowing that the driver was impaired and that such impairment could in all likelihood

cause serious injury to others in the event of an accident like that which occurred;

19.     As described herein, Defendants Transport and Galvez were negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

20.     Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## VI.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE AGAINST DEFENDANT LAZARO RODRIGUEZ

21.     Defendant Rodriguez had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

22.     Plaintiff' injuries were proximately caused by Defendant Rodriguez's negligent, careless, and reckless disregard of said duty.

23.     The negligent, careless and reckless disregard of duty by Defendant Rodriguez as employee and agent of Defendants Transport and Galvez consisted of, but is not limited to, the following acts and omissions:

  a.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

  b.     in driving his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351.

c.   in failing to maintain an assured clear distance between the vehicle Plaintiffs were in and Defendants' vehicle which would permit Defendant to bring his vehicle to a safe stop without colliding with vehicles, including Plaintiffs' vehicle, in violation of Texas Transportation Code §545.062;

d.   in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

e.   in failing to turn his vehicle in an effort to avoid the collision in question;

f.   in failing to drive defensively to avoid an emergency;

g.   in failing to make safe decisions while driving;

h.   in failing to blow his horn to warn of imminent collision;

i.   in driving his vehicle in violation of Sec. 545.155 et seq of the Texas Transportation Code in failing to yield the right-of-way to a vehicle approaching on the highway to be entered; and,

j.   in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiffs and their vehicle in violation of Texas Transportation Code §545.401;

24.   Each of these acts and/or omissions by the Defendants whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives, and the damage and other losses to Plaintiffs.

25.   As described herein, the Defendants were negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

## VII.
## DAMAGES FOR PLAINTIFF

26.   As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered severe bodily injuries to his head, neck, back, shoulders, and other

parts of his body generally. The injuries have had a serious effect on the Plaintiffs health and well being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of these injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

27.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff James Miller was caused to incur the following damages:

a.      Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county they were incurred;

b.      Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

e.      Physical impairment in the past;

f.      Physical impairment, which will, in all reasonable probability be suffered in the future;

g.      Lost wages in the past, present and future.

h.      Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.      Mental anguish in the past;

j.      Mental anguish which will, in all reasonable probability be suffered in the future;

k.      Disfigurement.

## VIII.
## EXEMPLARY DAMAGES

28.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

29.     The above-referenced acts and/or omissions by Defendants constitutes malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.  Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

30.     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

31.     Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

32.     Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary

damages in an amount to be determined at trial.

## IX.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

33.     Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## X.
## JURY DEMAND

34.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.  In support of his application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## XI.
## REQUEST FOR DISCLOSURE

35.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## XII.
## NOTICE OF SELF-AUTHENTICATION-RULE 193.7

36.     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff James Miller respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together

with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By _____
Thomas J. Henry
State Bar No. 09484210
Alan Dale Hicks
State Bar No. 09575430

*Email:dhicks-svc@thomasjhenrylaw.co
**ATTORNEYS FOR PLAINTIFF**

**\*Service by email to this address only**

14-011441 POP Page 10

# Filing Receipt



**MYFILERUNNER.COM**

## CASE INFORMATION

| | |
|---|---|
| Style/Case Name | JAMES ORLEY MILLER JR. V. TRANSPORT DEPOT PRODUCE AND DRY, INC., JULIO A. GALVEZ AND LAZARO RODRIGUEZ |
| Court Name | Comal County - 22nd District Court |
| Filing Status | Accepted |
| Envelope/Draft Number | 6231507 |
| Case Category | Civil - Injury or Damage |
| Case Type | Motor Vehicle Accident |
| Case No | C2015-1125A |

## FILING INFORMATION

| | |
|---|---|
| Filing Type | Petition |
| Filing Submission Time | Mon Jul 27 2015 11:40:41 AM |
| Filing Description | Petition |
| Client Matter No. | James Orley Miller, Jr./14-011441 |

## FILER INFORMATION

| | |
|---|---|
| Filer Name | DALE HICKS |
| Email | DHICKS-SVC@THOMASJHENRYLAW.COM |
| Firm Name | Henry, Thomas J |
| Address | 521 Starr St, Corpus Christi, TX, 78401 |
| Phone | 3619850600 |

## BILLING INFORMATION

| | |
|---|---|
| Account Name | 03-MyFileRunner Billing Account |
| Payment Method | Credit Card |
| Card Type | VISA |
| Credit Card # | **** **** **** 6303 |
| Expiration Date | 2017/2 |

## DOCUMENTS

| DOC TYPE | FILE NAME | DOC DESCRIPTION |
|---|---|---|
| Attachments | 2015-7-27 case info sheet (1).pdf | Petition |
| Lead Document | 2015-7-27 POP.pdf | Petition |

### ENVELOPE FEE INFORMATION

| | |
|---|---|
| Convenience Fee | $9.64 |
| Total Court Case Fees | $281.00 |
| Total Court Filing Fees | $45.50 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| My File Runner Service Fees | $6.50 |
| My File Runner Tax Fees | $0.54 |
| Grand Total | $343.18 |

### FILING FEE

| | |
|---|---|
| ✳ Optional Service - Issue Citation | $8.00 |
| Optional Service - Jury Fee | $30.00 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |

7/27/2015

Receipt

| | |
|---|---|
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Optional Service - Copies - Non-Certified | $0.25 |
| Filing & Service Fee | $0.00 |
| Filing Court Fees | $45.50 |

Dawn Brennan
C2015-1125A
7/28/2015 4:17:44 PM
Heather N. Kellar
Comal County
District Clerk

# T H O M A S J H E N R Y
## I N J U R Y   A T T O R N E Y S

**TOLL FREE: 1-800-580-0601     FAX: 1-888-956-8001     TJHLAW.COM**

THOMAS JUDE HENRY | ROGER L. TURK | MICHAEL E. HENRY † | GEORGE A. DEVERA | RUBEN G. HERRERA | RUSSELL W. ENDSLEY | JAMES D. BASKIN | GLEN F. LARSON
LESLEY PANISZCZYN | STEPHEN F. BECHTOL | DENNIS J. BENTLEY | MATTHEW S. SCUTT | DARIUS KHOSRAVIAN | CECILE W. CRABTREE | GREGGORY A. TEETER | OMAR S. RIVERO
CURTIS W. FITZGERALD, II* | TRAVIS E. VENABLE †† | JUSTIN M. DEAN | DAVID TIJERINA | REGINALD BLAKELEY | ANDREW D. POULIS | WESLEY R. VASQUEZ††† | JOHN J. HOPKINS
PHILLIP C. RIPPER | LAURIE DOBSON | MINESH PATEL | SAMUEL R. PALERMO | CHRISTOPHER R. HARRIS | KYLE MATHIS | JORDAN JACKSON | MATTHEW SEAN HULL
ROBERT E. SUMMERLIN | JANICE LINDSEY CORBIN | KELLEN D. McJUNKINS | ALBERTO VELAZQUEZ VARGAS | RICHARD W. HUNNICUTT, III*** | JOSEPHINE LUE | YVETTE TREVINO
BRIAN ROBINSON | ALLEN D. PETIT | WADE B. REESE | BRYAN W. SCHOEPPEY | WILLIAM R. PRIVETTE | SEAN STOTSKY | MARK TENSMEYER | ROBIN TREVINO | JASON C. GRAFF
ANDREW CROWDER-SCHAEFER | CHRISTOPHER HINSHAW | RYAN ROBERTSON | MARY WILSON | ALEXANDRA FELDER | SCOTT SAGER | SANDEE BELL | MELISSA SALINAS
JAYME L. HART †††† | ROBERT P. WILSON | JIM MARTIN | TIFFANY GEORGE | BART ALDRICH | HALEY GARCIA | CAITLIN BRATT | STEVEN STRATSO | MARCO CRAWFORD
LORI O. MILLER | CHRIS C. CAMPBELL | ROBERT NEWARK | PETER ZAVALETTA | TAMMY BRUCH CLICK | XAVIER L. GUERRA | ADREA R. YOSS
ERICA WOLFE | DALE HICKS* | CRAIG L. FARRISH | LANDON T. HAYS | WESLEY MUNIZ | KELLY W. ADAMS | TANYA BACHAND

† Licensed in TX, PA | †† Licensed in TX, TN | ††† Licensed in TX, MO | †††† Licensed in TX, KY, IN | *Board Certified - Personal Injury Trial Law | **Board Certified - Civil Trial Law

July 28, 2014

Comal County District Clerk

RE:     Cause No. C2015-1125A James Orley Miller Jr., v. Transport Depot
Produce and Dry, Inc., Julio A. Galvez and Lazaro Rodriguez

Dear Sir or Madam,

I E-filed the Petition named above, in doing so while adding all the filing fees options I
did not check the correct amount of citations I wanted issued. Attached is the filing receipt which
shows the request of one citation when the total amount should be three.

Thank you for your attention to this matter.  Should you have any questions, please do
not hesitate to contact me at this office (210) 656-1000 ext. 354.

Very truly yours,
THOMAS J. HENRY, INJURY ATTORNEYS

Dwayne Dozier
Paralegal for Dale Hicks

---

**CORPUS CHRISTI**

521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600

**SAN ANTONIO**

4715 FREDERICKSBURG, STE 507
SAN ANTONIO, TEXAS 78229
PHONE: (210) 656-1000

**AUSTIN**

1515 S. CAPITAL OF TEXAS HWY, STE 200
AUSTIN, TEXAS 78746
PHONE: (512) 347-1200

**HOUSTON**

4900 WOODWAY DR, STE 1040
HOUSTON, TEXAS 77056
PHONE: (713) 338-2525

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED   James Orley Miller, Jr., V. Transport Depot Produce and Dry, Inc., Julio A. Galvez and Lazaro Rodriguez
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Dale Hicks | **Plaintiff(s)/Petitioner(s):** James Orley Miller Jr. | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Email:** dhicks-svc@tjhlaw.com | | |
| **Address:** 4715 Fredericksburg Rd | | **Additional Parties in Child Support Case:** |
| **Telephone:** (210) 656-1000 | **Defendant(s)/Respondent(s):** Transport Depot Produce and Dry, Inc., Julio A. Galvez and Lazaro Rodriguez | **Custodial Parent:** |
| **City/State/Zip:** San Antonio, TX 78229 | | **Non-Custodial Parent:** |
| **Fax:** 361-985-0601 | | |
| **Signature:** | **State Bar No:** 09575430 | **Presumed Father:** |
| | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☒ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/13





**NOTICE TO SERVE NON-RESIDENT DEFENDANT**
**THE STATE OF TEXAS**
**C2015-1125A**

TO:    JULIO A GALVEZ
       13490 SW 40TH LANE
       MIAMI LAKES FL  33016

Defendant, Greeting:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

Said Plaintiff's ORIGINAL Petition was filed on the27th day of July, 2015.

The file number of said suit being **No. C2015-1125A.**

The style of the case is
**JAMES ORLEY MILLER, JR.**
**VS.**
**TRANSPORT DEPOT PRODUCE AND DRY INC.; LAZARO RODRIGUEZ; JULIO A GALVEZ**

ATTORNEY FOR PLAINTIFF:    ALAN DALE HICKS
                           521 STARR STREET
                           CORPUS CHRISTI, TEXAS 78401

A copy of plaintiff's petition accompanies this notice. Issued this the 31st day of July, 2015 A.D.

HEATHER N. KELLAR
DISTRICT CLERK
COMAL COUNTY, TEXAS
150 N SEGUIN STE. #304
NEW BRAUNFELS, TEXAS 78130

By: _Dawn Brennan_ DEPUTY
    Dawn Brennan

**RETURN OF SERVICE**
CAUSE NO: C2015-1125A

JAMES ORLEY MILLER, JR.
VS.
TRANSPORT DEPOT PRODUCE AND DRY INC., LAZARO RODRIGUEZ, JULIO A GALVEZ

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the ____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____. Deputy

**ADDRESS FOR SERVICE**
13490 SW 40TH LANE
MIAMI LAKES FL  33016

**OFFICER'S RETURN**

Came to hand on the_____day of_____, 20_____, at_____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|-------------------------------------------|
|      |      |      |                                           |
|      |      |      |                                           |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is:_____
and the information received as to the whereabouts of said defendant(s) being:_____

FEES-Serving Petition and Copy $65.00

_____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
" My name is _____, my date of birth is _____, and my address is _____
         (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(ID # & expiration of certification)





**NOTICE TO SERVE NON-RESIDENT DEFENDANT**
**THE STATE OF TEXAS**
**C2015-1125A**

TO:   LAZARO RODRIGUEZ
      5133 SW 149TH PL
      MIAMI FL  33185

Defendant, Greeting:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

Said Plaintiff's ORIGINAL Petition was filed on the 27th day of July, 2015.

The file number of said suit being **No. C2015-1125A.**

The style of the case is
**JAMES ORLEY MILLER, JR.**
**VS.**
**TRANSPORT DEPOT PRODUCE AND DRY INC.; LAZARO RODRIGUEZ**

ATTORNEY FOR PLAINTIFF:   ALAN DALE HICKS
                          521 STARR STREET
                          CORPUS CHRISTI, TEXAS 78401

A copy of plaintiff's petition accompanies this notice. Issued this the 31st day of July, 2015 A.D.

                    HEATHER N. KELLAR
                    DISTRICT CLERK
                    COMAL COUNTY, TEXAS
                    150 N SEGUIN STE. #304
                    NEW BRAUNFELS, TEXAS 78130

          By: _Dawn Brennan_ DEPUTY
              Dawn Brennan

## RETURN OF SERVICE
### CAUSE NO: C2015-1125A

JAMES ORLEY MILLER, JR.
VS.
TRANSPORT DEPOT PRODUCE AND DRY INC.,LAZARO RODRIGUEZ

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day
of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

### ADDRESS FOR SERVICE
5133 SW 149TH PL
Miami FL 33185

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____M., and executed in _____ County,
Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, with the date of delivery endorsed
thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|------------------------------------------|
|      |      |      |                                          |
|      |      |      |                                          |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is: _____
and the information received as to the whereabouts of said defendant(s) being:

FEES-Serving Petition and Copy $65.00                  _____, Officer
                                                        _____, County, Texas
                                                 By: _____, Deputy
                                                        _____, Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the
clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
" My name is _____, my date of birth is _____, and my address is _____
              (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.


_____                    _____
Declarant/Authorized Process Server                   (ID # & expiration of certification)





CIVIL CITATION-AGENT
THE STATE OF TEXAS
C2015-1125A

TO:  Transport Depot Produce and Dry Inc.
          upon whom process of service may be had by serving

JULIO GALVEZ
8040 NW 155TH STREET, SUITE 201
MIAMI LAKES, FLORIDA 33016

Defendant, Greeting:

YOU HAVE BEEN SUED.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. Said Plaintiff's ORGINAL Petition was filed in said Court, on the  27th day of July, 2015 A.D. in this cause numbered C2015-1125A on the docket of said 22nd District Court, and styled,

**JAMES ORLEY MILLER, JR.**
**VS.**
**TRANSPORT DEPOT PRODUCE AND DRY INC.; LAZARO RODRIGUEZ**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL Petition, accompanying this citation, and made a part hereof.

ATTORNEY FOR PLAINTIFF:        ALAN DALE HICKS
                               521 STARR STREET
                               CORPUS CHRISTI, TEXAS 78401

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this the 31st day of July, 2015 A.D.

                               HEATHER N. KELLAR
                               DISTRICT CLERK
                               COMAL COUNTY, TEXAS
                               150 N. SEGUIN STE. 304
                               NEW BRAUNFELS, TEXAS 78130

                    By _Dawn Brennan_ DEPUTY
                         Dawn Brennan

**RETURN OF SERVICE**
**CAUSE NO: C2015-1125A**

JAMES ORLEY MILLER, JR.

VS.

TRANSPORT DEPOT PRODUCE AND DRY INC.,LAZARO RODRIGUEZ

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____,
on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**OFFICER'S RETURN**

Came to hand on the_____day of _____, 20_____, at_____ o'clock _____M., and executed in
_____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this
Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's
petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|------------------------------------------|
|      |      |      |                                          |
|      |      |      |                                          |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES-Serving Petition and Copy $65.00          _____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff,
constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following
statement:
" My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____          _____
    Declarant/Authorized Process Server          (ID # & expiration of certification)
SUBSCRIBED AND SWORN TO BEFORE ME by the said_____this the _____day of
_____ 20_____to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas
Notary's Name Printed:

_____
My commission expires_____

FILED
Dawn Brennan
C2015-1125A
9/3/2015 10:02:16 AM
Heather N. Kellar
Comal County
District Clerk

**america★first**
325 N. St. Paul Street
Suite 1900
Dallas, TX 75201
800-497-7618
800-311-8300 (fax)

CLERK OF THE 22ND JUDICIAL DISTRICT COURT
150 N. SEGUIN

NEW BRAUNFELS TX, 78130

---

| CAUSE NO. C2015-1125A | | |
|---|---|---|
| JAMES ORLEY MILLER, JR. | § | IN THE DISTRICT COURT |
| VS | § | COMAL COUNTY, TEXAS |
| TRANSPORT DEPOT PRODUCE AND DRY, | § | |
| INC., JULIO A. GALVEZ AND LAZARO | § | |
| RODRIGUEZ | § | 22ND JUDICIAL DISTRICT |

---

**Regarding Deposition by Written Questions**
Directed to the Custodian of Records for: **SANJEL OIL COMPANY**
Pertaining to **JAMES ORLEY MILLER**

The witness was duly sworn and the transcript attached is a true record of the testimony given by the witness. The deposition was signed by the witness and returned on 08/25/2015. Changes made by the witness, if any, in the transcript are attached or incorporated hereto. The original deposition transcript, together with copies of all exhibits, were provided to the attorney or party who asked the first question appearing in the transcript for safekeeping and use at trial. The charges for the preparation of the completed deposition transcript and any copies of the exhibits are to be paid for by the attorney for the Plaintiff and total $108.00.

**Attorneys of Record follow:**

DALE HICKS

---

I certify that a true and correct copy of the foregoing instrument was mailed to the respective parties or attorneys of record, postage prepaid, was hand delivered, or transmitted by facsimile.

_Allyson King_
AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME ON 08/26/2015

_Cheri C. Bibb_
Notary Public in and for
The State of Texas

CHERI BIBB
Notary Public
STATE OF TEXAS
My Comm. Exp. Nov. 12, 2016

70618-1-436046

FILED
Dawn Brennan
C2015-1125A
9/14/2015 9:25:54 AM
Heather N. Kellar
Comal County
District Clerk

CAUSE NO. C2015-1125A

| | | |
|---|---|---|
| JAMES ORLEY MILLER, JR. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | 22ND JUDICIAL DISTRICT |
| | § | |
| TRANSPORT DEPOT PRODUCE | § | |
| AND DRY, INC., JULIO A. GALVEZ | § | |
| AND LAZARO RODRIGUEZ | § | |
| | § | |
| *Defendants* | § | COMAL COUNTY, TEXAS |

**DEFENDANTS, TRANSPORT DEPOT PRODUCE AND DRY, INC., JULIO A. GALVEZ, AND LAZARO RODRIGUEZ'S, ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

TRANSPORT DEPOT PRODUCE AND DRY, INC., JULIO A. GALVEZ and LAZARO RODRIGUEZ, Defendants herein, file this, their Original Answer to Plaintiff's Original Petition, and would respectfully show to the Court as follows:

**I.**

**GENERAL DENIAL**

Defendants deny generally the allegations contained in Plaintiff's Original Petition and request for a trial of the issues before a jury.

**II.**

Additionally, Defendant JULIO A. GALVEZ denies that he is liable in the capacity in which he has been sued, that is, individually.

WHEREFORE, PREMISES CONSIDERED, Defendants pray for judgment and general relief.

Respectfully submitted,

**dc m** Davis, Cedillo  Mendoza, INC.
ATTORNEYS AT LAW
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas  78212
Telephone No.:  (210) 822-6666
Telecopier No.:  (210) 822-1151


By:  /s/ Isaac J. Huron
RONALD E. MENDOZA
State Bar No. 13937700
rmendoza@lawdcm.com
ISAAC J. HURON
State Bar No. 24032447
ihuron@lawdcm.com

ATTORNEYS FOR DEFENDANTS,
TRANSPORT DEPOT PRODUCE AND DRY,
INC., AND JULIO A. GALVEZ

| | |
|---|---|
| STATE OF FLORIDA | § |
| | § |
| COUNTY OF MIAMI-DADE | § |

BEFORE ME, the undersigned authority, on this day personally appeared Julio A. Galvez, who, on his oath, stated that he is one of the Defendants herein; that he is duly authorized to make this affidavit and states that the facts set out in paragraph II above are true and correct.

JULIO A. GALVEZ

SUBSCRIBED and SWORN TO before me on this 12th day of September, 2015, to certify which witness my hand and seal of office.

Hildalina Perez
NOTARY PUBLIC IN AND FOR
THE STATE OF FLORIDA

HILDALINA PEREZ
MY COMMISSION #FF001740
EXPIRES July 14, 2017
(407) 898-0153   FloridaNotaryService.com

2

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing document was served on counsel of record by certified mail, return receipt requested, and/or facsimile and/or electronic transmission on this the 14th day of September, 2015, as follows:

Thomas J. Henry
Alan Dale Hicks
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas  78401
Fax: (361) 985-0601
tjhenry@thomasjhenrylaw.com
dhicks-svc@thomasjhenrylaw.com
ATTORNEYS FOR PLAINTIFF

/s/ Isaac J. Huron
RONALD E. MENDOZA
ISAAC J. HURON

3